# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES WALKER; CHARLENE WALKER<br><br>Plaintiff(s),<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION<br><br>Defendant(s). | Case No. 2:19-cv-00486-RFB-DJA<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Wells Fargo Bank, National Association's ("Wells Fargo") Motion to Dismiss. ECF No. 13. For the following reasons, the Court grants the motion.

## II. PROCEDURAL BACKGROUND

Plaintiffs filed their complaint in the Eighth Judicial District Court of Clark County on February 26, 2019. ECF No. 1. Plaintiffs filed a first and second, operative, amended complaint on March 4, and March 14, 2019, respectively. Wells Fargo removed the case to federal court on March 21, 2019. ECF No. 1. Wells Fargo filed its motion to dismiss on April 26, 2019. ECF No. 13. A response and reply were filed. ECF Nos. 14, 17.

## III. FACTUAL ALLEGATIONS

Plaintiffs allege as follows in their complaint: Plaintiffs James and Charlene Walker are married senior citizens who currently reside in Las Vegas and subsist on monthly Social Security income of $2127 and $1171, respectively. The interest rate on their principal mortgage is 6.35%. In the past, they have requested loan modifications with Wells Fargo but have been denied

consecutively four times. In 2003, Plaintiffs established a home equity line of credit (HELOC) with Wells Fargo for $115,000. Plaintiffs then sought to consolidate their HELOC with their principal mortgage payments so that they would only have one monthly payment. Wells Fargo assured them that it would consolidate the payments. Wells Fargo approved another line of equity for $171,000 and promised to pay off the existing HELOC amount of $110,000 through escrow, and also to pay credit card payments of $35,000. Plaintiffs now owe $5,091.91 in monthly payments on their principal mortgage, and two HELOC loans. Plaintiffs allege that Wells Fargo suspended or reduced their home equity lines of credit, that Wells Fargo failed to provide required disclosures, and that the HELOC loans have annual percentage rates (APRs) that exceed certain threshholds permitted by the Homeownership and Protection Act ("HOEPA"). Plaintiffs also allege that Wells Fargo never paid off the first HELOC as promised and instead kept both lines of equity open and separate, causing Plaintiffs to make three monthly payments. Plaintiffs further allege that the failure to consolidate the two HELOCs is causing Plaintiffs severe financial pressure. The first HELOC has a balance of approximately $108,000, with a monthly payment of $782.48, while the second HELOC has a balance of $171,000 and a monthly payment of $1073.00. Plaintiffs have now paid approximately $267,145.92 in combined payments on both HELOCs. Plaintiffs had continuously maintained communications with Wells Fargo since July 2018 and Wells Fargo promised some remedies including liquidation of Plaintiffs' mortgage. But Plaintiffs would appoint specialists to communicate with Plaintiffs who would frequently change and who never finalized correspondence with Plaintiffs. Plaintiffs allege that Wells Fargo took advantage of the lack of knowledge of Plaintiffs when it opened two parallel lines of home equity credit without authorization or without telling the plaintiffs. In a letter Plaintiffs received in February 2019, Wells Fargo accepted that it made a "clerical error," and did not close the first HELOC

account, which exceeded Plaintiffs' credit limit when combined with the second HELOC. Wells Fargo subsequently reduced Plaintiffs' access to the second HELOC so that Plaintiffs did not continue to exceed their credit limit. Accordingly, Plaintiffs now bring breach of contract, fraud/fraudulent concealment/fraudulent misrepresentation, negligent misrepresentation, conversion, breach of fiduciary duty, negligence, violations of the HOEPA Act (15 U.S.C. § 1602(b)(B); § 1639); violation of Nevada's False Advertising Law (codified at Nev. Rev. Stat. § 207.175); and violations of Nevada's Deceptive Trade Practices Act (codified at Nev. Rev. Stat. § 598.0903) claims against Wells Fargo. Plaintiffs also seek declaratory relief against Wells Fargo that Wells Fargo violated state and federal consumer laws.

## IV. LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on

the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

**V.    DISCUSSION**

Wells Fargo argues that Plaintiff's claims are time-barred, and the Court agrees. The course of events for which Plaintiffs seek relief involve consumer credit transactions. The last of these transactions was the disbursement of the funds from the second HELOC, which occurred in July 2005[1]. As Plaintiffs have now filed their complaint over thirteen years after the second HELOC's funds were disbursed, all of their claims are time-barred. See Nev. Rev. Stat. § 11.190(1)(b) (six year limitations period for contracts in writing); Nev. Rev. Stat. § 11.190(3)(d)(three-year limitations period for fraud); Nev. Rev. Stat. §11.190 (4)(e) (two-year limitations period for negligence); 15 U.S.C. § 1640(e) (one-year limitations period for HOEPA violations).

Plaintiffs argue that their claims should be subject to equitable tolling on the basis of the discovery rule. The discovery rule permits courts to toll the statute of limitations until the injured party discovers or reasonably should have discovered facts supporting the cause action. Bemis v. Bemis, 967 P.2d 437, 440 (Nev. 1998); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). In order for a court to find that the discovery rule tolls the statute of limitations, a party must demonstrate that they exercised due or reasonable diligence in discovery of the cause of action. Bemis, 967 P.2d at 440; Bibeau v. Pac. Northwest Research Foundation Inc., 188 F.3d 1105, 1107 (9th Cir. 1999). Plaintiffs argue that whether they exercised due diligence is a question of fact for which a full hearing is required. But Plaintiffs have failed to allege any facts at all in their

---

[1] To support its motion to dismiss, Wells Fargo attached extrinsic documents, including what it informed the Court were the original deed of trust, first loan modification and second loan modification. However, Wells Fargo appears to have submitted only the original deed of trust and mislabeled the other documents in error. The Court will take judicial notice of the original deed of trust, as neither party disputes its authenticity and it is a public record. Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001). The Court will also take judicial notice of the documents Plaintiffs attach in their opposition to Wells Fargo's motion, which include the July 2005 disbursement documents. Although not attached to the complaint, the documents are documents on which Plaintiffs would have necessarily relied in drafting the complaint and the authenticity of which Wells Fargo does not dispute. Id.

- 4 -

complaint that support a finding that they were due diligent. Plaintiffs fail to explain why, if funds on the second HELOC were disbursed in July 2005, they waited until 2019 to sue Wells Fargo for its alleged violations of federal and state law in refusing to consolidate the two HELOCs as requested. Accordingly, the Court finds that the discovery rule cannot apply to equitably toll Plaintiffs' claims.

Plaintiffs also argue they should receive equitable tolling on the basis of the continuing violation doctrine. But the Ninth Circuit has already held that the continuing violation doctrine is inapplicable to Truth in Lending Act claims (of which HOEPA claims are a subsection) that are based on a failure to disclose. King v. State of Cal., 784 F.2d 910, 914 (9th Cir. 1986). The Nevada Supreme Court has also never held that the continuing violation doctrines applies to any of the state law claims Plaintiffs bring in this suit. The Court therefore rejects any basis to apply equitable tolling under a continuing violation theory.

Plaintiffs next argue that their claims should be equitably tolled on the basis of fraudulent concealment. In King v. State of Cal., the Ninth Circuit held that equitable tolling on the basis of fraudulent concealment could apply to Truth in Lending Act Claims. King, 784 F.2d at 915. As the Ninth Circuit explained in a different case, "the accrual doctrine for a discovery rule is conceptually distinct from the equitable tolling doctrine in fraudulent concealment cases." Hexel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1062 (9th Cir. 2012). Unlike the discovery rule, which focuses on when the plaintiff became aware of or should have become aware of the facts giving rise to a cause of action, fraudulent concealment focuses on the actions of the defendant that are calculated to prevent the plaintiff from filing suit within the limitations period. Id. at 1062. Again, Plaintiffs cite plenty of caselaw but identify no facts alleged in the complaint that support a finding that Wells Fargo fraudulently concealed information that prevented Plaintiffs from bring their claims earlier. This is particularly troublesome for Plaintiffs because a claim of fraudulent concealment is subject to the heightened pleading standards of Rule 9b of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 9(b). Plaintiffs allege in their complaint that they received voluminous paperwork that concealed Wells Fargo's wrongdoing, but Plaintiffs have not adequately identified *what specific* wrongdoing was concealed. The disbursement proceeds for the

second HELOC were made available in July 2005. Plaintiffs allege in their complaint that they have been making three monthly payments, rather than one consolidated monthly payment. Based on these facts, Plaintiffs cannot plausibly plead that they did not know that Wells Fargo had not consolidated the HELOCs as requested until 2019.

Finally, Plaintiffs argue for equitable estoppel to apply in this case. Unlike the discovery rule or equitable tolling, "equitable estoppel applies when a plaintiff who knows of his cause of action reasonably relies on the defendant's statements or conduct in failing to bring suit." <u>Stitt v. Williams</u>, 919 F.2d 516, 522 (9th Cir. 1990). Again, the Court finds that Plaintiffs plead no facts demonstrating that Plaintiff reasonably relied on Wells Fargo's statements or conduct that then prevented Plaintiffs from timely filing their claims. Accordingly, the Court does not find any basis with which to toll the statute of limitations in this case and dismisses all of Plaintiffs' claims as time-barred.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Wells Fargo, N.A.'s Motion to Dismiss (ECF No. 13) is GRANTED.

The Clerk of the Court is instructed to close the case.

DATED April 1, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**